UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

David Schrunk and Steven Sauer as Trustees of the Minnesota Teamsters Construction Division Health and Welfare Fund, the Minnesota Teamsters Construction Division Pension Fund, and the Minnesota Teamsters Construction Division Education and Training Fund, the Minnesota Teamsters Construction Division Health and Welfare Fund, the Minnesota Teamsters Construction Division Pension Fund, and the Minnesota Teamsters Construction Division Education and Training Fund,

    Plaintiffs,

vs.

J & T Services, LLC,

    Defendant

_____

Case No. _____

**COMPLAINT**

Plaintiffs, as their Complaint against the Defendant state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1.    Plaintiffs are Trustees of the Minnesota Teamsters Construction Division Health and Welfare Fund, the Minnesota Teamsters Construction Division Pension Fund, and the Minnesota Teamsters Construction Division Education and Training Fund ("Funds").

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).  The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq.  The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. Defendant J & T Services, LLC is a South Dakota business corporation with a principal address of 210 Vander Hork, P.O. Box 109, Britton, South Dakota 57430.  Defendant is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4. This is an action by the Fund's Trustees as fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

5. The Funds are administered in Dakota County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTS**

6. The Funds re-allege and incorporate by reference paragraphs 1-5 herein.

7. Since at least May 27, 2016, Defendant has been bound to the terms of a collective bargaining agreement negotiated between Associated General Contractors of Minnesota Highway, Railroad & Heavy Construction Divisions with Minnesota Construction Conference of Teamsters and the International Brotherhood of Teamsters with a term of May 1, 2014 through April 30, 2019 ("CBA").

8. The CBA provides that Defendant is bound to the Trust Agreements for the Minnesota Teamsters Construction Division Health and Welfare Fund, the Minnesota Teamsters Construction Division Pension Fund.

9. U.S.C. § 1059 requires employers such as Defendant to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

10. The CBA and Trust Agreements require Defendant to contribute every month, not later than the 20th day of the following month, contributions to the Funds in an amount set forth in the CBA for each hour worked by employees covered by the CBA.

11. The CBA requires Defendant to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with Defendant's monthly payment to the Funds.

12. The CBA states that Defendant shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 20th day of the month in which the report and contributions are due.

13. The CBA further states that the Trustees of the Funds shall have the right at any time and from time to time to cause an audit or audits to be made of Defendant's employment, personnel and payroll records relating to its former and present employees which the Trustees or their authorized agents shall deem necessary in conducting such audit.

14. The CBA requires Defendant to assist and cooperate with the Trustees of the Funds and their authorized agents in properly identifying its employees covered by the CBA and the hours worked by them.

15. If Defendant fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Defendant is liable for all of the hours worked by that individual for whom Defendant is unable to produce satisfactory records verifying the type of work being performed by that individual.

16. The CBA provides that if Defendant sub-contacts work covered by the CBA, the subcontractor agrees to pay the benefit contributions specified in the CBA. Additionally, if Defendant subcontracted any work covered by the CBA, the CBA requires Defendant to furnish to the Trustees of the Funds or their authorized agents, upon demands, such information as Defendant possesses concerning the employees of the subcontracted employer.

17. The CBA and Trust Agreements state that if Defendant becomes delinquent, Defendant shall be required to pay as liquidated damages an amount equal to 10% of the payment otherwise due.

18. The CBA and Trust Agreements state that if Defendant becomes delinquent for two or more months, Defendant shall be required to pay interest on the contributions at the rate of 8% per annum from the applicable due date.

19. The CBA and Trust Agreement state that delinquent employers will be required to pay legal fees plus reasonable attorney fees incurred by the Trustees of the Funds.

## COUNT I
## BREACH OF CONTRACT/AUDIT AMOUNT DUE

20. The Funds re-allege and incorporate by reference paragraphs 1-19 herein.

21. The Funds' authorized agent requested that Defendant produce a complete set of payroll and employment records as specified in the CBAs and Trust Agreements for the period of June 1, 2016 through December 31, 2018 ("Audit Period").

22. Defendant produced its payroll and employment records for the Audit Period and the Funds' authorized agent determined there were hours worked by Defendant's employees that were covered by the CBA for which Defendant did not submit the required contributions to the Funds. Specifically, The Funds' authorized agent determined that $175,074.61 is due and owing for delinquent contributions for the Audit Period.

23. Defendant breached the terms of the CBA and Trust Agreements by failing to pay the amount due for delinquent contributions for the Audit Period.

24. Defendant is liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by all of their employees for whom Defendant is unable to produce satisfactory records verifying the type of work performed by any such individuals.

25. Pursuant to the CBA and Trust Agreements, Defendant is liable to the Funds for all legal costs and attorney fees incurred in this matter.

26. Defendant is liable to the Funds for liquidated damages and interest charges on the unpaid contributions for the Audit Period pursuant to the CBA and Trust Agreements.

## COUNT II
## ERISA DAMAGES

27. The Funds re-allege and incorporate by reference paragraphs 1-26 herein.

28. The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

29. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

30. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Defendant as follows:

1. For judgment in the amount of $175,074.61 for delinquent contributions for the Audit Period.

2. For an award of liquidated damages and interest charges or double interest charges on all unpaid contributions.

3. For an award of costs, disbursements and attorneys' fees according to law.

4. Such other and future relief as the Court deems just, equitable or proper.

Date:  April 29, 2019                MCGRANN SHEA CARNIVAL
                                                STRAUGHN & LAMB, CHARTERED

                                            By:   s/ Amy L. Court
                                                   Carl S. Wosmek (Atty. No. 300731)
                                                   Amy L. Court (Atty. No. 319004)
                                                   Christy E. Lawrie (Atty. No. 388832)
                                               800 Nicollet Mall, Suite 2600
                                               Minneapolis, MN 55402
                                               Telephone: (612) 338-2525
                                               csw@mcgrannshea.com
                                               alc@mcgrannshea.com
                                               cel@mcgrannshea.com

                                               *Attorney for Plaintiffs*

1136260.DOCX