# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

_____

David Schrunk and Steven Sauer as Trustees of the Minnesota Teamsters Construction Division Health and Welfare Fund, et al,

      Plaintiffs,

vs.

J & T Services, LLC,

      Defendant
_____

Case No. 19-cv-01137 (SRN/DTS)

**ORDER**

This matter was heard before the undersigned on August 14, 2019. Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## **FINDINGS OF FACT**

1.    The Complaint was filed with the Court on April 27, 2019. (Court Docket No. 1)

2.    The Complaint was served on Defendant J&T Services, LLC ("J&T Services") on May 1, 2019. (Court Docket No. 4)

3.    J&T Services failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon the Funds' counsel, and the time allowed by law for J&T Services to answer the Complaint lapsed.

4.    The Clerk entered Default on May 31, 2019. (Court Docket Nos. 5-8)

5.    Plaintiffs' Motion for Entry of Judgment, Notice of Hearing, supporting memorandum, affidavit, and exhibits, and a proposed order were served on J&T Services

by mail and ECF filing on June 11, 2019. (Court Docket Nos. 15 & 16) Due to a subsequent change in the hearing date, Plaintiffs personally served an Amended Notice of Hearing on J&T Services' registered agent on July 31, 2019. (Court Docket No. 19)

6. Plaintiffs are Trustees of the Minnesota Teamsters Construction Division Health and Welfare ("Fund").

7. The Fund is multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5).

8. The Fund is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

9. The Fund is exempt from federal taxation pursuant to the Internal Revenue Code.

10. J&T Services, LLC ("J&T Services") accepted and agreed to be bound to the terms of the collective bargaining agreement negotiated between the Associated General Contractors of Minnesota Highway, Railroad & Heavy Construction Divisions with Minnesota Construction Conference of Teamsters and the International Brotherhood of Teamsters, covering the period of May 1, 2014 through April 30, 2019 ("CBA").

11. The CBA requires J&T Services to submit contributions to the Funds in an amount per hour specified in the CBA for each hour worked by its employees covered by the CBA.

12. The CBA requires J&T Services to set forth the amount due and owing for contributions on a remittance report form to be submitted to the Funds with its monthly

payment.

13.     The CBA requires J&T Services to submit the remittance report and payment to the Funds by the 20th day of the following month for which the contributions are due.  Any employer whose remittance reports and contributions are not postmarked on or before the 20th is considered delinquent.

14.     The CBA requires J&T Services to promptly furnish to the Trustees of the Funds or their authorized agents on demand, federal forms W2s and W3s, federal quarterly 941 forms, federal forms 1099s and 1096s, Minnesota Unemployment Quarterly Reports (MUTAs or MN UCs) or such similar state required quarterly reports, time cards, payroll and check registers, and any other relevant information that may be required in connection with the administration of the Funds.

15.     The Fund's auditor requested that J&T Services produce a complete set of all their employment and payroll records for the period June 1, 2016 through December 31, 2018 ("Audit Period").  J&T Services produced the records and the Fund's auditor performed an audit of the records and prepared an invoice based upon the records produced.

16.     Pursuant to the audit, the Fund's auditor discovered hours worked by J&T Services' employees governed by the CBA for which fringe benefit contribution payments were not made.  Specifically, the Fund's auditor determined that $175,074.61 was due and owing for unpaid contributions for the Audit Period.

17.     The CBA provides that if J&T Services becomes delinquent, J&T Services shall be required to pay as liquidated damages an amount equal to 10 percent of the delinquent contributions.

18.     Liquidated damages in the amount of $17,507.46 are due and owing for the Audit Period.

19.     The CBA provides that if J&T Services becomes delinquent, J&T Services shall be required to pay interest on all delinquent contributions at a rate of 8 percent per annum.

20.     Interest in the amount of $9,741.44 is due and owing for the Audit Period.

21.     The CBA provides that an employer, such as the Defendant, is required to pay all costs of collection incurred by the Funds, including all attorney fees, costs, and disbursements.

22.     To date, J&T Services has failed and refused to pay the amount due and owing from the audit.

## CONCLUSIONS OF LAW

1.     J&T Services is in default and the Funds are entitled to entry of judgment.

2.     J&T Services is liable to the Funds in the amount of $202,323.51 for unpaid contributions and liquidated damages for the Audit Period.

3.     J&T Services is liable to the Funds in the amount of $1,474.60 for the Funds' reasonable attorneys' fees and costs incurred in pursuing the delinquent contributions.

## ORDER

**IT IS ORDERED:**

1.     That Plaintiffs' Motion (Court Docket No. 9) is **GRANTED**.

2.     That judgment in the amount of $203,798.11 be entered against J&T Services LLC and in favor of Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 14, 2019                    BY THE COURT:

                                          s/Susan Richard Nelson
                                          Susan Richard Nelson
                                          United States District Judge