**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

David Schrunk, et al.,

Plaintiffs,

v.

J & T Services, LLC,

Defendant.

Case No. 19-cv-1137 (SRN/DTS)

**ORDER &**
**REPORT AND RECOMMENDATION**

---

Amy L. Court, Carl S. Wosmek, and Christy E. Lawrie, McGrann Shea Carnival Straughn & Lamb, Chtd., 800 Nicollet Mall, Suite 2600, Minneapolis, MN 55402, for Plaintiffs.

No counsel has entered an appearance for Defendant.

---

Defendant J & T Services, LLC (J&T), through its owner Jason Kadoun, repeatedly flouts this Court's orders. Over the past six months, J&T has ignored every order this Court has issued: it remains six-months delinquent in providing court ordered discovery, it has failed to respond to three orders to show cause, and it has been absent from four—of four—hearings in this litigation. This Court's orders have warned J&T of escalating sanctions for its continued disobedience, yet J&T appears unphased by this Court's forewarning.

Plaintiffs David Schrunk and Steven Sauer again request an order holding J&T in civil contempt for its continued defiance. All Plaintiffs desired was J&T's response to their post-judgment discovery. But J&T's behavior has alone precipitated this predicament. Thus, this Court will assist J&T in understanding a concept instilled even in young children: that actions have consequences. To that end, this Court now recommends that the District Court find Jason Kadoun in civil contempt of court.

## FINDINGS OF FACT[1]

Plaintiffs filed this action on April 29, 2019, alleging J&T was delinquent in its contributions to several ERISA-governed fringe benefit plans. Compl., Dkt. No. 1. The sheriff of Marshall County, South Dakota served "Jay Kadoun" with the summons and complaint as J&T's registered agent. Sheriff's Return, May 9, 2019, Dkt. No. 4. After J&T failed to answer the complaint, the Clerk of Court entered default judgment against J&T on May 31, 2019. Clerk's Entry of Default, Dkt. No. 8. Following an August 14, 2019 hearing at which nobody appeared on behalf of J&T, the District Court entered a default judgment against J&T in the amount of $203,798.11. Order, Dkt. No. 21; Judgment, Dkt. No. 22.

Plaintiffs then served post-judgment discovery requests on J&T in December 2019, but J&T did not respond. Decl. of Christy E. Lawrie ¶¶ 3–6, Dkt. No. 26. In March 2020, Plaintiffs moved to compel responses to their discovery requests within ten days of service of an appropriate order. Pls.' Mot. to Compel, Dkt. No. 23. Following a hearing at which—once again—nobody appeared for J&T, this Court granted Plaintiffs' motion and awarded Plaintiffs their reasonable attorney fees and costs incurred by bringing the motion. Order, Apr. 30, 2020, Dkt. No. 34.

Two weeks after J&T was served with the Court's April 30, 2020 Order, Sheriff's Return, Dkt. No. 39, J&T still had not provided any of the requested discovery to Plaintiffs or otherwise sought an extension of time to do so. Lawrie Decl. ¶¶ 2–3, Dkt. No. 42. So

[1] The factual basis underlying the Court's order remains substantially unchanged from previous orders, but bolstered by J&T's continued defiance. Thus, the Court reiterates and supplements the Findings of Fact from its previous Orders to Show Cause. *See* Order, Dkt. No. 44; Order, Dkt. No. 48; Order, Dkt. No. 49.

Plaintiffs then brough the present motion for an order to show cause why J&T, through Jason Kadoun, should not be held in civil contempt. Pls.' Mot. for Order to Show Cause, May 21, 2020, Dkt. No. 40.

The Court ordered J&T to appear for a telephonic show cause hearing on June 9, 2020. Order, Dkt. No. 44. The Marshall County Sheriff served the order on June 1, 2020. Sheriff's Return, Dkt. No. 45. Still, neither Kadoun nor any J&T representative appeared at the hearing. *See* Minute Entry, Dkt. No. 46. The Court again issued an order for J&T to appear for a show cause hearing on September 22, 2020. Order, Dkt. No. 48. And this Court issued the same order for J&T to appear on October 29, 2020, Order, Dkt. No. 49, this time having the United States Marshals personally serve both J&T and Jason Kadoun, USMS Return, Dkt. No. 50. In keeping with tradition, nobody for J&T appeared. *See* Minute Entry, Dkt. No. 51. But the day *after* the October 29, 2020 hearing, Jason Kadoun left a voicemail for the Court saying that he was "unable to make it to court today [sic] because [he's] ill with COVID." This post hac notification does nothing to diminish J&T's history. To date, the Court has received no other communications from J&T explaining its absence or noncompliance, and J&T has made no conspicuous efforts to comply with the Court's orders.

## CONCLUSIONS OF LAW

Plaintiffs ask this Court to certify the preceding facts to the District Court and recommend that the District Court issue a bench warrant for Kadoun's arrest.[2] This Court sympathized with Plaintiffs' plight—having a money judgment they could not enforce

[2] Because J&T's actions constitute civil contempt, this Court must certify the facts to the District Court. 28 U.S.C. § 636(e)(6)(B)(iii).

without discovery—but was previously reluctant to recommend Kadoun's arrest without allowing him every chance to comply with this Court's order. This Court recognized that incarceration in a civil case is an extreme sanction and wanted to exhaust its options before making a recommendation so severe. *Taylor v. Finch*, 423 F.2d 1277, 1279 (8th Cir. 1970) (recognizing a contempt sanction "must exercise the least possible power adequate to the end proposed") (internal quotation marks omitted). But this Court's last warning was explicit:

> *To be clear: if J & T and Kadoun do not avail themselves of this final opportunity to appear and explain their non-compliance, this Court will recommend that a bench warrant be issued for Kadoun's arrest.*

Order 4, Dkt. No. 49. Despite this Court's reprieve allowing J&T time to comply with its orders, despite Plaintiffs and this Court enduring more than six months of J&T's dismissive conduct, despite this Court's warnings and escalating methods to compel J&T's compliance, J&T remains obstinate. Because no lesser sanction has been effective and this Court's efforts have proved futile, this Court recommends that the District Court find J&T, through Jason Kadoun, in civil contempt and issue a bench warrant for his arrest, the execution of which should be stayed until December 8 as explained infra.

A district court possesses inherent authority to fashion appropriate means to coerce parties' compliance with court orders. *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505–07 (8th Cir. 2000); *see also Mackey v. Edde Constr., LLC*, No. 14-cv-922 (SRN/SER), 2014 WL 6454003, at *1 (D. Minn. Nov. 17, 2014) (applying civil contempt sanctions in ERISA action for the collection of unpaid fringe benefits to employee benefit plans). The Federal Rules of Civil Procedure also provide this Court mechanisms to address misconduct by litigants, including misconduct affecting discovery. Specifically, Rule 37(b) offers sanctions a court can impose for parties failing to comply

with a court order. As this Rule is nested with those regulating discovery, many of the suggested sanctions naturally impact ongoing litigation. But here the case is closed and the District Court has already entered default judgment, so the only fitting suggestion remaining is that of Rule 37(b)(2)(A)(vii): "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

Title 18, Section 401 of the United States Code authorizes federal courts to punish contempt when individuals violate a lawful court order. 18 U.S.C. § 401(3). The statute establishes two classes of contempt—civil and criminal. Criminal contempt punishes a past offense by fine or imprisonment, or both. *Bloom v. Illinois*, 391 U.S. 194, 201 (1968). In contrast, punishment in civil contempt is imposed to coerce compliance with a court directive. *United Mine Workers of Am. v. Bagwell*, 512 U.S 821, 827 (1994); *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). In other words, it is the purpose of the order rather than the nature of the conduct that determines whether the contempt is civil or criminal. *McComb*, 336 U.S. at 191 ("Since the purpose [of civil contempt] is remedial, it matters not with what intent the defendant did the prohibited act."). Thus, violation of a court order can lead to either civil or criminal contempt, or, conceivably, both. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947); *see United States v. Rose*, 806 F.2d 931, 933 (9th Cir. 1986) ("The same conduct may result in both civil and criminal contempt charges."). Imprisonment may be imposed to secure compliance in appropriate circumstances. *Bagwell*, 512 U.S. at 828–30. A court may also require a contemnor to bear a movant's fees and costs incurred in obtaining a contempt order. *Jake's, Ltd. v. City of Coates*, 356 F.3d 896, 900 (8th Cir. 2004).

J&T's decision to ignore this Court's orders—and the rest of this litigation—plainly demonstrates contempt. Kadoun, despite being a non-party, owns and manages J&T, so is "responsible for the [contemptuous] acts or omissions of the business." *Paisley Park Enter., Inc. v. Boxill*, No. 17-cv-1212 (WMW/TNL), 2019 WL 2710703, at *3 (D. Minn. June 27, 2019). The contempt power extends to cover those individuals who, despite not being parties to the action, "have notice of the court's order and the responsibility to comply with it." *Chi. Truck Drivers*, 207 F.3d at 507. A court may employ civil contempt sanctions—including incarceration—to coerce a party to comply with a lawful order. *Id.* at 505.

For over a year J&T has ignored the complaint, summons, and motions in this case. And for that reason the Court entered a default judgment for Plaintiffs. But Plaintiffs remain unable to recover the relief of that judgment without post-judgment discovery. Perhaps J&T recognizes this fact, which explains its reason for ignoring this Court's order compelling that discovery. But this Court's orders are not optional, and J&T holds no authority to electively comply with court orders. J&T's conduct has squandered the time and resources of Plaintiffs' counsel and this Court.

But because incarceration in a civil case is such an extreme sanction, courts must be reluctant to impose such severe civil contempt sanctions before attempting less punitive sanctions and imposing procedural safeguards. *See Bagwell*, 512 U.S. at 831–34. With this recognition, the Court denied Plaintiffs' request several times that J&T be found in civil contempt. This Court's hesitation to make such a recommendation caused Plaintiffs' counsel to repeatedly appear before this Court—each time perceptive of J&T's absence yet indulgent of this Court's decision to allow J&T more chances. The many

opportunities this Court has given J&T and warnings of escalating admonition have been futile. The Marshall County Sheriff served J&T repeatedly. Sheriffs Returns, Dkt. Nos. 31, 33, 38–39, 45. The Court warned J&T that failing to provide the ordered discovery could lead to civil contempt or sanctions. Order, Dkt. No. 44. This Court burdened the United States Marshal's service with personally serving J&T to ensure its knowledge of the proceedings. Order, Dkt. No. 49. And the Court warned J&T that if it did not appear, the Court would issue an order recommending Kadoun's arrest. *Id.* J&T's persistent disregard reveals that no less-drastic approach can compel its compliance. Because continued orders allowing J&T further opportunities would only waste this Court's time and paper, the Court finds that any other recommendation would be futile. As a result, this Court recommends the District Court find J&T, through Jason Kadoun, in civil contempt.

## CONCLUSION

Here Jason Kadoun "is able to purge the contempt and obtain his release by committing an affirmative act, and thus 'carries the keys of his prison in his own pocket.'" *Bagwell*, 512 U.S. at 828 (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 442 (1911)).

## ORDER

For these reasons, IT IS HEREBY ORDERED:

1. Plaintiffs' Motion for Attorney Fees and Costs (Docket No. 36) is **GRANTED**. J & T Services shall pay Plaintiffs $911.40 for their attorney fees and costs;

2. Defendant J & T Services, through its owner Jason Kadoun, shall personally appear before this Court for a Contempt Hearing on **December 8, 2020** at **3:00 pm** in

Courtroom 9E of the Diana E. Murphy United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415. Plaintiffs' counsel may attend the hearing;

3. Defendant J & T Services shall retain an attorney, who shall enter an appearance on behalf of J & T Services by **December 1, 2020**. Counsel shall appear at the **December 8, 2020** hearing with Jason Kadoun;

4. Defendant J & T Services shall file evidence of an appropriate medical justification for failing to appear at the October 29, 2020 hearing. This filing shall occur before **December 7, 2020** and shall include the results of a positive COVID-19 test, for which the test and its result occurred before October 29, 2020;

5. Defendant J & T Services shall produce the post-judgment discovery (*see* Lawrie Decl., Ex. A–B, Dkt. No. 26), which this Court ordered on April 30, 2020 (Order, Dkt. No. 34), at the **December 8, 2020** hearing;

6. As a discovery sanction under Rule 37(b), Defendant J & T Services forfeits all objections to Plaintiffs' discovery under Rules 33(b)(4) and 34(b)(2)(C) unless the objection claims the discovery sought is privileged;

7. The United States Marshals shall personally serve this Order and a Notice to Appear to J & T Services and Jason Kadoun at: 210 Vander Horck, Britton, SD 57430. The United States Marshals shall execute service by **November 20, 2020**.

**RECOMMENDATION**

For these reasons, IT IS HEREBY RECOMMENDED THAT:

1. The District Court find Defendant J & T Services, through its owner Jason Kadoun, in civil contempt of court for failure to comply with the following orders of the Honorable David T. Schultz, United States Magistrate Judge for the District of Minnesota:

a. Order to Compel Post-Judgment Discovery, April 30, 2020, Dkt. No. 34

b. Order to Show Cause, May 27, 2020, Dkt. No. 44

c. Order to Show Cause, July 30, 2020, Dkt. No. 48

d. Order to Show Cause, September 22, 2020, Dkt. No. 49

2. Defendant J & T Services be fined $100.00 per day as follows:

a. The fine begin accruing on the date the District Court enters an order on this Report and Recommendation;

b. The fine continue to accrue daily until Plaintiffs receive all of the post-judgment discovery ordered on April 30, 2020;

c. Both parties file on the docket an affidavit attesting to the date on which Defendant J & T Services fully complied with the April 30, 2020 discovery order, at which point the Court will compute the total fine assessed against J & T Services;

d. The fine be due immediately upon calculation to the Clerk of Court;

3. A bench warrant for the arrest of Jason Kadoun be issued to compel compliance with the Court's April 30, 2020 Order to compel post-judgment discovery with these conditions:

a. The execution of the bench warrant be stayed until December 8, 2020 at 4:00 pm, pending Jason Kadoun's appearance at the December 8, 2020 hearing;

b. If Jason Kadoun fails to appear at the December 8, 2020 hearing or fails to comply with any part of the Court's November 5, 2020 Order (Dkt. No. 52), that the stay of execution of the bench warrant lift and the bench warrant for Jason Kadoun's arrest be executed;

c. If Jason Kadoun appears at the December 8, 2020 hearing having complied with the Court's November 5, 2020 Order (Dkt. No. 52), that the stay of execution of the bench warrant continue pending final resolution of any matters associated with this action.

Dated: November 5, 2020

s/David T. Schultz
DAVID T. SCHULTZ
U.S. Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to the magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).