UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David Schrunk, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>J & T Services, LLC,<br><br>　　　　Defendant. | Case No. 19-cv-1137-SRN-DTS<br><br>**ORDER** |

Amy L. Court, Carl S. Wosmek, and Christy E. Lawrie, McGrann Shea Carnival Straughn & Lamb, Chtd., 800 Nicollet Mall, Ste. 2600, Minneapolis, MN 55402, for Plaintiffs.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the November 5, 2020 Order and Report and Recommendation ("Order & R&R") [Doc. No. 53] of Magistrate Judge David T. Schultz. For the reasons set forth below, the Court adopts the Order & R&R, as modified.

### I.   BACKGROUND

Plaintiffs David Schrunk and Steven Sauer, as trustees for several multi-employer fringe benefit plans, filed this lawsuit in April 2019 under the Employee Retirement Income Security Act of 1974 ("ERISA"). (Compl. [Doc. No. 1] ¶ 2.) They sought unpaid fringe benefit contribution payments from Defendant J & T Services, LLC ("J & T Services"), pursuant to the terms of a collective bargaining agreement. (*Id.* ¶¶ 3, 7.) Jason Kadoun is the owner of J & T Services, and is its registered agent for service of process. (Order & R&R at 2.)   J & T Services is a South Dakota business corporation located in

Britton, South Dakota. (Compl. ¶ 3.) After J & T Services failed to respond to the Complaint, Plaintiffs applied for an entry of default, and in August 2019, obtained default judgment against J & T Services in the amount of $203,798.11. (Judgment [Doc. No. 22].)

In December 2019, Plaintiffs served post-judgment discovery on J & T Services, seeking a wide variety of financial and employment information. (Lawrie Decl. [Doc. No. 26], Exs. A–C.) Plaintiffs contend that they are unable to enforce their money judgment without this information. (Pls.' Mem. Supp. Mot. to Compel [Doc. No. 25] at 2.) After receiving no response to their discovery requests, in March 2020, Plaintiffs moved to compel J & T Services to respond. (Pls.' Mot. to Compel [Doc. No. 23].) J & T Services did not respond to the motion to compel, nor did anyone appear on its behalf at the hearing on Plaintiffs' motion. (Apr. 30, 2020 Minute Entry [Doc. No. 35].) On April 30, 2020, Magistrate Judge Schultz granted Plaintiffs' motion, ordering J & T Services to respond to the discovery requests, and finding that Plaintiffs were entitled to reasonable attorney's fees incurred in bringing the motion. (Apr. 30, 2020 Order [Doc. No. 34].)

After Plaintiffs still did not receive the discovery, they filed a motion in May 2020 for an order to show cause why J & T Services, through Jason Kadoun, should not be held in civil contempt. (Pls.' Mot. for Order to Show Cause [Doc. No. 40].) In a May 27, 2020 Order, the magistrate judge ordered J & T Services to appear via teleconference at a show-cause hearing on June 9, 2020. (May 27, 2020 Order [Doc. No. 44].) After no one appeared on Defendant's behalf at the June 9 hearing, (June 9, 2020 Minute Entry [Doc. No. 46]), the magistrate judge issued another order requiring J & T Services to appear at an in-person show-cause hearing on September 22, 2020. (July 30, 2020 Order [Doc. No. 48].) It does

not appear that the September 22 hearing was held, but, in any event, the magistrate judge issued another order requiring J & T Services to appear at an in-person show-cause hearing to be held on October 29, 2020.  (Sept. 21, 2020 Order [Doc. No. 49].)  Magistrate Judge Schultz also directed the U.S. Marshals Service to personally serve J & T Services and Jason Kadoun with a copy of the September 21, 2020 Order.  (*Id.* at 4.)  No one appeared on Defendant's behalf at the October 29, 2020 hearing (Oct. 29, 2020 Minute Entry [Doc. No. 51]), however, on October 30, Mr. Kadoun left a voicemail message for the Court stating that he was "unable to make it to court today" because he was ill with COVID-19.  (Order & R&R at 3.)

In the November 5, 2020 Order & R&R, Magistrate Judge Schultz ordered J & T Services to pay Plaintiffs $911.40 in attorney's fees and costs for the work incurred in moving to compel the production of the post-judgment discovery.  (*Id.* at 7.)  In addition, Magistrate Judge Schultz ordered Mr. Kadoun to appear for an in-person contempt hearing on December 8, 2020.  (*Id.* at 7–8.)  He further directed J & T Services to retain counsel, who he likewise ordered to appear at the December 8 hearing.  (*Id.* at 8.)  Also, he ordered J & T Services to produce the requested discovery at the December 8 hearing, and to provide medical evidence in support of Mr. Kadoun's claim that illness prevented him from appearing at the October 29 hearing.  (*Id.*)  Further, the magistrate judge ruled that J & T Services forfeited any objections to Plaintiffs' discovery, except for objections on the grounds of privilege, and he ordered the U.S. Marshals Service to personally serve the Order & R&R and a Notice to Appear on J & T Services and Mr. Kadoun, requiring the execution of service by November 20, 2020.  (*Id.*)

In addition to Magistrate Judge Schultz's non-dispositive rulings in the Order & R&R, he also made recommendations regarding civil contempt, pursuant to 18 U.S.C. § 401(3), for the undersigned district court judge to consider. In particular, he recommended that the Court find J & T Services, through Mr. Kadoun, in civil contempt for failing to comply with the magistrate judge's orders of April 30, May 27, July 30, and September 21. (*Id.* at 8–9.) Additionally, he recommended that Defendant be fined $100 per day, as follows: (1) to begin accruing on the day the District Court enters an order on the Report and Recommendation; (2) to accrue daily until Plaintiffs receive all of the post-judgment discovery ordered on April 30, 2020; (3) requiring both parties to file an affidavit attesting to the date on which J & T Services fully complies with the April 30 discovery order, at which time the Court will compute the total fine; and (4) requiring the fine to be due immediately to the Clerk of Court upon calculation. (*Id.* at 9.)

Finally, the magistrate judge recommended the issuance of a bench warrant for Mr. Kadoun's arrest, subject to the following conditions: (1) the execution of the warrant would be stayed until December 8, 2020, pending Mr. Kadoun's appearance at the hearing; (2) if Mr. Kadoun failed to appear at the hearing or failed to comply with any part of the Order & R&R, the stay of execution would be lifted and a bench warrant would be executed; and (3) if Mr. Kadoun appeared at the December 8 hearing having complied with the November 5 Order & R&R, the stay would remain in place pending final resolution of any matters in this action. (*Id.* at 9–10.)

The Court notes that while the docket shows that on November 6, 2020, the Clerk's Office provided the U.S. Marshals Service a service-of-process form and a copy of the

Order & R&R, there is no indication on the docket that service of the Order & R&R was effected.

At the December 8, 2020 in-person hearing, no one appeared on behalf of J & T Services.  (Dec. 8, 2020 Minute Entry [Doc. No. 54].)

## II.    DISCUSSION

The district court must conduct a de novo review of a magistrate judge's report and recommendation on dispositive matters to which specific objections have been made.  Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).  Although no objections were filed here, it is unclear whether J & T Services received the Order & R&R.  Because of this uncertainty, along with the passage of time, the Court reviews the rulings and recommendations in the Order & R&R at this time, affirming and adopting the Order & R&R, as modified below.

District courts have the authority to enforce compliance with orders through civil contempt proceedings. *Chi. Truck Drivers v. Bhd. of Labor Leasing*, 207 F.3d 500, 505–07 (8th Cir. 2000).  As pertinent to this ERISA action, "[c]ourts have authority to award sanctions for contempt in ERISA collection cases where the Defendant and/or its representative fails to participate in discovery for purposes of determining the amount of liability for unpaid fringe benefit contributions." *Greater St. Louis Constr. Laborers Welfare Fund v. Town & Country Masonry & Tuckpointing, LLC*, No. 4:14–CV–696–JAR, 2013 WL 5436645, at *1 (E.D. Mo. Sept. 27, 2013) (citations omitted). Sanctions in the form of monetary fines and/or the issuance of an arrest warrant for incarceration until the contempt is purged are potential consequences of a finding of civil contempt.  *Id*.

5

A party moving for civil contempt bears the burden of proving, by clear and convincing evidence, that a court order was violated. *Chi. Truck Drivers*, 207 F.3d at 505 (citing *Indep. Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 920 (8th Cir. 1998)). In particular, it must be shown that (1) a valid order existed, (2) the party had knowledge of the order, and (3) the party disobeyed the order. *United States v. Thornton*, No. 13-mc-87 (SRN/TNL), 2015 WL 1522245, at *2 (D. Minn. Mar. 27, 2015) (citing *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998)). Once the moving party meets its burden, the burden shifts to the non-moving party to show an inability to comply with the order in question. *Chi. Truck Drivers*, 207 F.3d at 505.

Because Mr. Kadoun is the owner and manager of J & T Services, the Court agrees with the magistrate judge that although he is a non-party, Mr. Kadoun is "responsible for the [contemptuous] acts or omissions of the business." (Order & R&R at 6) (quoting *Paisley Park Enter., Inc. v. Boxill*, No. 17-cv-1212 (WMW/TNL), 2019 WL 2710703, at *3 (D. Minn. June 27, 2019)). Moreover, as the owner and manager, Mr. Kadoun may be reasonably expected to have custody and control over the requested information. *Mackey v. Edde Constr., LLC*, No. 14-cv-922 (SRN/SER), 2014 WL 6454003, at *2 (D. Minn. Nov. 17, 2014).

It is undisputed that J & T Services has not responded to Plaintiffs' post-judgment discovery requests, despite Plaintiff's repeated efforts to obtain the requested information, and the magistrate judge's repeated orders that the discovery be provided. It is also undisputed that Mr. Kadoun was served with valid court orders dated April 30, 2020 (May 18, 2020 Aff. of Serv. [Doc. No. 39]), May 27, 2020 (June 8, 2020 Aff. of Serv. [Doc. No.

6

45]), and September 21, 2020 (Oct. 26, 2020 Return of Serv. [Doc. No. 50].)[1]  Also undisputed is that despite receiving these orders, two of which included notice of hearings, J & T Services and Mr. Kadoun failed to respond, and failed to appear at any hearings, whether via teleconference or in person.  The record therefore demonstrates, by clear and convincing evidence, that Mr. Kadoun, on J & T Services' behalf, has violated the orders of April 30, 2020, May 27, 2020, and September 21, 2020.  Further, the Court finds that Defendant has failed to meet its burden to demonstrate an inability to comply with these orders.  Accordingly, Mr. Kadoun, on behalf of Defendant, is found to be in civil contempt of court.  *See Chi. Truck Drivers*, 207 F.3d at 505.

Courts have the discretion to impose a sanction designed to bring about compliance with the order in question. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947).  While the Court finds that the Order & R&R is supported by law and fact, in order for Plaintiffs to obtain the information necessary to execute their judgment against J & T Services as expeditiously as possible, the Court will give it one final opportunity to comply.  The Order & R&R [Doc. No. 53], is therefore **ADOPTED, AS MODIFIED** below:

1. If J & T Services has not yet paid Plaintiffs their attorney's fees and costs in the amount of $911.40, as ordered in the November 5, 2020 Order & R&R [Doc. No. 53 at 7], it shall do so immediately.

2. The Court finds Defendant J &T Services, through its owner Jason Kadoun, in civil contempt of court for failing to comply with the Orders of April 30, 2020

---

[1]    Although the magistrate judge states that J & T Services failed to comply with the July 30, 2020 Order [Doc. No. 48] (Order & R&R at 9), the docket does not reflect that service of process of this order was executed.

[Doc. No. 34], May 27, 2020 [Doc. No. 44], and September 21, 2020 [Doc. No. 49].

3. Plaintiffs' Motion for an Order to Show Cause [Doc. No. 40] is **GRANTED**, as set forth below.

4. While the issuance of a bench warrant for the arrest of Jason Kadoun to compel compliance with the Orders of April 30, 2020, May 27, 2020, and September 21, 2020 is an appropriate sanction, in light of the absence of any evidence in the record of service of the November 5, 2020 Order on Mr. Kadoun, the bench warrant is **STAYED** to permit Mr. Kadoun to purge his contempt by complying or substantially complying with the Court's prior orders, as follows:

   a. By **April 7, 2021**, J & T Services shall attempt to retain counsel or obtain pro bono legal services.

   b. By **April 14, 2021**, the parties shall meet and confer (telephone or video conferencing is permitted) to discuss the documents that Mr. Kadoun has in his possession, and to negotiate what information is required in order to provide Plaintiffs with the materials needed to enforce the judgment.

   c. By **April 21, 2021**, Mr. Kadoun shall produce those materials.

   d. By **April 28, 2021**, Plaintiffs shall submit a declaration to the Court regarding the progress being made.

   e. On **May 3, 2021, at 9:30 a.m.**, the parties shall appear at a show-cause video hearing before the undersigned judge, to be held via Zoom. Closer to the date of the hearing, the Court will provide details regarding Zoom access.

   f. If Mr. Kadoun fails to cooperate and negotiate with Plaintiff's counsel in good faith, he runs the risk of the Court lifting the stay of the bench warrant and automatically issuing a warrant for his arrest.

   g. For every day that Mr. Kadoun fails to comply with the deadlines listed above, a fine of $50 per day will be imposed. The fine shall be due immediately and is payable to the Clerk of U.S. District Court, District of Minnesota.

5. The U.S. Marshals Service shall personally serve this Order on J & T Services and Jason Kadoun at 210 Vander Horck St., Britton, SD 57430, or upon Mr.

Kadoun at his residence, if his residential address is known.  Service shall be executed by **March 24, 2021**, and return of service shall promptly be filed in this action.

**SO ORDERED**.

Dated:  March  1, 2021                                    s/Susan Richard Nelson
                                                                       SUSAN RICHARD NELSON
                                                                       United States District Judge